HACH & ROSE, LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel.: (212) 779-0057
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SATRAM PARBHUDIAL,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**LONG ISLAND RAILROAD,**<br><br>      **Defendant.** | Civil Action No.<br><br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff, SATRAM PARBHUDIAL, by and through his attorneys, HACH & ROSE LLP complains and alleges of the defendant as follows:

## INTRODUCTION

1. This is an action is being brought against the defendant pursuant to the provisions of the Federal Employers' Liability Act Title 45, U.S. Code Section 51 et seq. the Locomotive Inspection Act and U.S. Safety Appliance Acts, as well as, the Federal Railroad Safety Act ("FRSA") (49 U.S.C. § 20109) for economic loss to Plaintiff, as a result of Defendant, LONG ISLAND RAILROAD's retaliatory actions in denying Plaintiff's Collective Bargaining rights to "bid" higher compensable railroad union positions.

## PARTIES AND PLAINTIFF'S STATUTORY CONTENTIONS

2. At all times materials hereto, Plaintiff, SATRAM PARBHUDIAL ("Plaintiff" or "PARBHUDIAL") was and continues to be a resident of the County of Queens, State of New York.

3. That at all times herein mentioned, the defendant, LONG ISLAND RAILROAD, ("Defendant" or "LIRR") is and was at all times a corporation duly organized, created and existing under the laws of the State of New York and is and was at all times hereinafter mentioned a common carrier in interstate transportation and commerce by railroad.

4. LIRR provides freight rail transportation services in several states, including the U.S. Eastern District.

5. That at all times hereinafter mentioned, the plaintiff, SATRAM PARBHUDIAL herein is an employee of the defendant, LONG ISLAND RAILROAD, as the term is defined under Section 45 U.S.C. Section 51 and as such a Station Appearance Maintainer for the defendant and is engaged by the defendant to perform duties in the furtherance of its business interest and movement of freight in interstate and foreign commerce by defendant railroad.

6. That the defendant, LONG ISLAND RAILROAD, is involved and does have a principal place of business in the State of New York and its business office is located at Jamaica Station, Jamaica, New York 11435.

7. On or about January 4, 2022, and at all times herein mentioned, Defendant, LONG ISLAND RAILROAD, was the owner of a Long Island Railroad Van and Long Island Railroad Truck as encompassed within Defendant's Accident Reports; for the delineated accident.

8. On or about January 4, 2022, and at all times herein mentioned, Defendant, LONG ISLAND RAILROAD, was the registrant of the aforesaid vehicles;

9. On or about January 4, 2022, and at all times herein mentioned, a Defendant, LONG ISLAND RAILROAD's employee operated the Long Island Railroad Truck while in the course of their employment with Defendant, LONG ISLAND RAILROAD as indicated in Defendant's Accident Reports for the subject incident.

2

10. On or about January 4, 2022, and at all times herein mentioned, Defendant, LONG ISLAND RAILROAD's employee controlled the subject Long Island Railroad Truck while in the course of their employment with Defendant, LONG ISLAND RAILROAD.

11. On or about, January 4, 2022, and at all times herein mentioned, Plaintiff, SATRAM PARBHUDIAL was parked, sitting in the Long Island Railroad Van within a designated station area of the Long Island Railroad Flushing Station.

12. On or about, January 4, 2022, and at all times herein mentioned, Main Street and 41st Avenue i/f/o the Long Island Railroad Flushing Main Street Station; Queens, New York, were public roadways and/or thoroughfares;

13. On or about, January 4, 2022, and for some time prior thereto, plaintiff was employed by the defendant, LONG ISLAND RAILROAD, as a Station Appearance Maintainer in the furtherance of defendant's business in interstate commerce.

14. That on or about, January 4, 2022, the plaintiff, while performing his duties as a Station Appearance Maintainer was injured due to the defendant, LONG ISLAND RAILROAD's negligence and failure to provide a safe place to work.

15. That on January 4, 2022, the plaintiff, during the course of his employment with the defendant, was caused to be injured as a Station Appearance Maintainer for LONG ISLAND RAILROAD when the Long Island Railroad Van, Plaintiff was sitting in, was struck by the Long Island Railroad Truck owned and operated by Defendant, LONG ISLAND RAILROAD and their employee all in violation of OSHA, FELA 45, U.S. Code Section 51 et seq. the Locomotive Inspection Act and U.S. Safety Appliance Acts.

16. That as a result of the negligence of the defendant, its agents, servants and employees with respect to the negligent and careless operation of its business, with respect to the

3

failure of defendant to properly provide plaintiff with a safe place to work, failure of defendant to properly warn plaintiff of the possible hazards to his health, the failure of defendant to keep its equipment and property in a proper and safe manner, including maintenance of Defendant's truck brakes that allegedly failed, in operating the aforesaid motor vehicle in a negligent, reckless and careless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout, in failing to observe what was available to be observed; in failing to observe the vehicle in which the Plaintiff was a driver; the failure of the defendant to comply with the applicable state and federal statutes, the failure of defendant to properly provide for the safety of plaintiff, the failure of the defendant to properly operate the job and in the general reckless, careless and negligent manner in which the defendant carried on its business, plaintiff was caused to suffer serious and permanent injuries, while employed by the defendant on January 4, 2022.

17. That as a result of the defendant's negligence, as aforesaid, without any negligence on the part of the plaintiff contributing thereto, the plaintiff was caused to suffer severe, permanent, personal, and painful physical and emotional injuries, including but not limited to shoulder and spinal discectomies and plaintiff has been and will be caused to lose time from his railroad employment and will incur expenses and suffer additional damages.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction over PARBHUDIAL's FRSA claims under 28 U.S.C § 1331 and FELA 45, U.S. Code Section 51 et seq.

19. Venue is proper under 28 U.S.C. §1391 because PARBHUDIAL worked for LIRR

4

in this district, LIRR operates in this district, and the FRSA "adverse" conduct occurred in this district.

20. On or about August 25, 2023, Plaintiff filed a FRSA Complaint with the Secretary of Labor Occupational Safety and Health Administration (OSHA) Whistleblower Office, and was assigned a case number, 301022108. The OSHA Complaint was filed within 180 days of the dates that Plaintiff became aware of Defendant taking adverse and/or retaliatory actions against him; by denying Plaintiff the right to bid higher compensable positions pursuant to his Union Collective Bargaining Agreement; and employed unfounded disciplinary actions against Plaintiff.

21. The Region 2 OSHA Office commenced its investigation, and the Plaintiff fully cooperated with OSHA's investigation. However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint. The delay was not due to any bad faith on the part of the Plaintiff.

22. Defendant, after Plaintiff returned to work retaliated against Plaintiff for reporting unsafe conditions and for filing a FELA Complaint in Queens Supreme Court, which will be summarily discontinued without prejudice to the presently filed Federal Action.

23. Plaintiff contends that Defendant, LIRR denied Plaintiff promotions, including the Collective Bargaining right to "bid" higher compensable jobs, as well as, charging Plaintiff with unsubstantiated disciplinary charges, to chill Plaintiff's co-workers' rights under the FRSA and FELA statutes. All of the above issues actions under FRSA are enforced by the Federal statutes; Congress has a long history of protecting rail workers. Congress under the FRSA dramatically relaxed the civil rights discrimination standards of proof and causation. [See Araujo v. New Jersey Transit Rail Operations, Inc. 708 F. 3d 152, 158-159 (3rd Circuit 2013), the employee's burden of proof, clearly, is the most minimal that exists in employment discrimination law.]

5

24. Pursuant to Section (d)(3) of the FRSA, the Plaintiff has a statutory right to bring an original action in the U.S. District Court for a jury trial regarding the railroad's violation of FRSA 49 U.S.C § 20109(d)(3).

25. Pursuant to FRSA 49 U.S.C § 20109(d)(3), the Plaintiff now is bringing this original action at law in equity for a De Novo Jury review, within the U.S. District Court of the Eastern District of New York, which Court has jurisdiction over this FRSA action, without regard to the amount in controversy.

## FACTUAL ALLEGATIONS

26. Plaintiff was employed by the LIRR continuously up to the date of his on-the-job injury in this case, or January 4, 2022, and returned to work in the same position on December 28, 2022.

27. On January 4, 2022, LIRR's failure to furnish and provide PARBHUDIAL a reasonably safe place to work, reasonably safe conditions for work, reasonably safe appliances for work, reasonably safe equipment for work, and/or reasonably safe methods of work, contributed in whole, or in part to Plaintiff suffering a work-related injury, including, but not limited to significant spinal injuries requiring multiple surgeries; under the FELA.

28. Though, Plaintiff knew it may make him a target for discipline, he immediately reported the injury to Defendant, and moreover, filed a FELA Complaint in Queens County Supreme Court.

## LIRR'S RETALIATORY MOTIVE

29. Congress has explicitly said that "[t]he underreporting of railroad employee

6

injuries has long been a particular problem, and railroad labor organizations have frequently complained that harassment of employees who reported injuries is a common railroad management practice." *Araujo*, 708 F.3d at 159 (citing Hearings).

30. Railroads' motive to discourage workers from reporting injuries includes that it is exempt from workers' compensation, which means it is liable to employees whose injuries are caused by their negligence.

31. Railroad's motive to discourage workers from reporting injuries also includes that the agency responsible for enforcing railroad safety laws—the Federal Railroad Administration ("FRA")—uses the number of days lost to reported injuries to determine where it should send its inspectors. See, e.g., Barati v. Metro-N. R.R. Commuter R.R. Co., 939 F. Supp. 2d 143, 148 (D. Conn. 2013) (quoting the testimony of the former head of the FRA's Office of Safety).

32. LIRR also ensures that supervisors have a personal motive to discourage their subordinates from reporting workplace injuries by maintaining an incentive compensation plan whereby it pays its managers a yearly bonus based, in part, on the number of FRA-reportable injuries employees report (with fewer injury reports translating to higher bonuses). LIRR maintains such a compensation plan despite Congress having expressed concern as early as 2008 "that some railroad supervisors [have] intimidated employees from reporting injuries to the FRA, in part, because their compensation depended on low numbers of FRA reportable injuries within their supervisory area. *Araujo*, 708 F.3d 152, 161 n. 7 (citing Hearings).

### LIRR'S RETALIATION WAS PURSUANT TO ITS COMPANYWIDE PRACTICES AND POLICIES

33. Plaintiff alleges that the previous FELA filing against his employer, in part, caused LIRR's revocation of Plaintiff's employment status, and in conducting pretextual disciplinary charges.

7

34. It is particularly common and companywide practice at LIRR to use a FELA filing and a report of an unsafe condition to justify retaliation against employees who report injuries, and violations of OSHA/CFR Safety Standards.

35. Despite these and other numerous FRSA violations, LIRR has not disciplined a single supervisor for retaliating against employees for engaging in FRSA-protected activity.

## SECOND CAUSE OF ACTION UNDER FELA

36. The FELA provides that LIRR is "liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. § 51.

37. On January 4, 2022, LIRR negligently failed to furnish and provide PARBHUDIAL a reasonably safe place to work, reasonably safe conditions for work, reasonably safe appliances for work, reasonably safe equipment for work, and/or reasonably safe methods of work.

38. The LIRR's negligence caused an injury to PARBHUDIAL's spine, resulting in permanent injury, and multiple surgeries.

39. The injuries and damages sustained by Plaintiff were caused, in whole or in part, by LIRR's negligence, in violation of the FELA, when LIRR failed to provide Plaintiff with a reasonably safe place to work, which caused PARBHUDIAL to suffer severe, permanent, and painful injuries to his lumbar, cervical, and thoracic spine, and shoulders;

40. The above-described acts and omissions of LIRR include LIRR's violation of one or more safety rules, regulations and statutes, including LIRR's own rules, which constitute strict

liability against Defendant, or negligence per se.

41. On account of said injuries, Plaintiff has undergone extensive medical care and treatment and will be required to seek medical treatment in the future. Even with such treatment, the strength, use, and function of his lumbar, cervical, thoracic spine, and shoulders, and general health and strength have been permanently weakened, diminished, and impaired.

42. As a result, of Plaintiff's FELA lawsuit, now pending, soon to be discontinued, in Queens County, Supreme Court, Defendant herein first learned of the extent of Plaintiff's injuries, as well as, the extent of the Defendant's Car shop's failure in maintaining and repairing Defendant company trucks, including Defendant's truck brakes, which allegedly failed.

43. Plaintiff has lost and will continue to lose past and future earnings as a result of Defendant's adverse actions in refusing to promote Plaintiff or allowing Plaintiff to "bid" under the Union Agreement.

## VIOLATIONS OF THE FRSA

44. The FRSA prohibits railroads from demoting, suspending, reprimanding, or in any other way discriminating against an employee for engaging in protected activity. Protected activity includes "notify[ing], or attempt[ing] to notify, the railroad carrier . . . of a work-related personal injury" 49 U.S.C. § 20109(a)(4).

45. The FRSA also prohibits railroads disciplining or threatening a discipline to employee for following orders or a treatment plan of a treating physician. 49 U.S.C. § 20109(c)(2).

46. Plaintiff engaged in protected activity by reporting his injury and in being approved for full duty by Defendant, after achieving maximum medical improvement.

47. Defendant, LIRR knew Plaintiff had engaged in protected activity when LIRR supervisors refused to promote Plaintiff or allowed Plaintiff to "bid" work under the Union

Agreement based on false disciplinary charges.

48.  Plaintiff's protected activity contributed to Defendant's adverse actions delineated herein. Indeed, it was the but-for cause.

### REQUEST FOR RELIEF

49.  Plaintiff requests that the Court and Jury find Defendant acted in direct violation of FRSA and FELA.

50.  Plaintiff, PARBHUDIAL, further requests that the Court order Defendant, LIRR, to offer Plaintiff the following relief:

- Pay to Plaintiff an award for compensatory damages arising from loss of past and future income (or potential loss of income) and benefits in an amount to be determined by the trier of fact;
- Pay to Plaintiff an award for costs (including litigation and expert costs), disbursements, and attorneys' fees; and
- Pay to Plaintiff an award of $250,000 for punitive damages

51.  Plaintiff seeks punitive and compensatory damages to address the adverse actions denying Plaintiff promotional opportunities, under the Federal Railroad Safety Act, and attorney fees.

52.  Plaintiff further requests that the Court order judgement against Defendant, LIRR for all other relief available under the FRSA and FELA and such other relief the Court deems just and equitable; including compensable pain and suffering for permanent injuries, as delineated herein.

53.  Plaintiff demands judgment against the defendant in a sum which exceeds the

jurisdictional limitation of all lower courts which would otherwise have jurisdiction over this action together with the costs and disbursements of this action.

Dated: New York, New York
      May 21, 2024

HACH & ROSE LLP

By: _____
Mark G. Sokoloff
Bar No.: 1800838
*Attorneys for Plaintiff*
112 Madison Avenue, 10th Floor
New York, NY 10016
(212) 779-0057
info@hachroselaw.com
msokoloff@hachroselaw.com
